IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tasha G., <br><br> Plaintiff, <br><br> vs. <br><br> Commissioner of Social Security Administration, <br><br> Defendant. | ) | Case No.: 9:25-cv-3220-JD-MHC <br><br><br> **ORDER** |

This Social Security matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Molly H. Cherry, issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (DE 15.) Plaintiff Tasha G.[1] ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). The Report recommends that the Commissioner's decision be affirmed. (DE 15 at 26.) The time for filing objections has expired, and no objections have been filed.

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## A. Background

Plaintiff filed her Title II application for DIB in May 2021, alleging disability beginning April 20, 2020. (R. 62, 254–58.) Her insured status expired on June 30, 2021. (R. 64.) After the claim was denied initially and on reconsideration, Plaintiff, represented by counsel, appeared at an October 11, 2023, hearing before an Administrative Law Judge ("ALJ"), at which a vocational expert also testified. On January 31, 2024, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date through the date last insured. The Appeals Council denied review on February 10, 2025, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (DE 15 at 1–2.)

In applying the five-step sequential evaluation process, the ALJ found that Plaintiff had severe physical and mental impairments, including degenerative disc disease of the lumbar spine, diabetes mellitus with peripheral neuropathy, seizure disorder, bipolar disorder, borderline personality disorder, attention deficit-hyperactivity disorder, post-traumatic stress disorder, substance use disorder, and anxiety disorder. (DE 15 at 4–6.) The ALJ found that none of those impairments, alone or in combination, met or medically equaled a listed impairment and determined that Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work with additional physical, environmental, and mental restrictions.

Although Plaintiff could not perform her past relevant work, the ALJ found, based on vocational-expert testimony, that she could perform other jobs existing in

significant numbers in the national economy and therefore was not disabled. (*Id.*) In this Court, Plaintiff challenged the ALJ's evaluation of the medical-opinion evidence, the RFC assessment, and the step-five determination. The Report noted that Plaintiff's arguments were only minimally developed and that several record citations did not correspond to the propositions asserted, but the Magistrate Judge nevertheless addressed each contention on the merits. (*Id.* at 6–7.)

**B. Legal Standard**

The Court must review de novo only those portions of a magistrate judge's report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). A party who receives proper notice and fails to file timely, specific objections ordinarily forfeits appellate review of the substance of the recommendation. *See Nelson v. Bisignano*, No. 25-2073, 2026 WL 1533306, at *1 (4th Cir. June 1, 2026) (per curiam).

Judicial review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). The Court may not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.

*Id.* The ALJ must, however, build an accurate and logical bridge from the evidence to the conclusion. *See id.* at 694.

**C. Discussion**

Having reviewed the Report and the record under the applicable clear-error standard, the Court finds no clear error in the Magistrate Judge's recommendation.

The Report addressed each of Plaintiff's asserted errors on the merits and concluded that the ALJ applied the correct legal standards and that the resulting findings were supported by substantial evidence. (DE 15 at 7–26.)

As to the RFC, the Report concluded that substantial evidence supports the ALJ's consideration of Plaintiff's seizure disorder, diabetes, physical and mental impairments, and the combined effects of those impairments. (DE 15 at 8–16.) More specifically, the Magistrate Judge found that the ALJ reasonably evaluated the frequency and severity of Plaintiff's seizure-like episodes. (*Id.* at 10–12.) The Report also rejected Plaintiff's contention that her diabetes was uncontrolled during the relevant period, noting that the markedly elevated glucose reading on which she relied occurred nearly three years after the date last insured. (*Id.* at 12–13.) Finally, the Report concluded that the ALJ adequately considered Plaintiff's physical and mental impairments, individually and in combination, and supported the RFC with the longitudinal treatment record, examination findings, Plaintiff's work activity and college coursework, and the prior administrative medical findings. (*Id.* at 13–16.) The Court finds no clear error in those conclusions.

The Report next concluded that the ALJ properly evaluated the opinions of Drs. Frampton Henderson and Emily Melsom under 20 C.F.R. § 404.1520c. (DE 15 at 16–24.) As to Dr. Henderson, the Magistrate Judge found that the ALJ adequately addressed supportability by comparing his restrictive opinions with his treatment notes and adequately addressed consistency by considering the objective spine imaging, Plaintiff's work activity and coursework, and the broader record. (*Id.* at 18–22.) As to Dr. Melsom, the Report found that the ALJ reasonably considered that her opinion was rendered more than two years after the date last insured and that the more restrictive limitations were inconsistent with largely normal mental-status findings, significant work activity, and ongoing college coursework. (*Id.* at 22–24.) The Court finds no clear error in the Report's analysis of the medical-opinion evidence.

Finally, the Report rejected Plaintiff's step-five challenge. (DE 15 at 25–26.) The vocational expert testified that an individual with the RFC assessed by the ALJ could perform jobs existing in significant numbers in the national economy, while certain additional limitations would preclude work. (*Id.* at 25.) Because Plaintiff's step-five argument depended on her unsuccessful challenges to the RFC and medical-opinion evidence, the Magistrate Judge concluded that the ALJ properly relied on the vocational expert's testimony. (*Id.* at 25–26.) The Court finds no clear error in that conclusion.

Accordingly, the Court finds no clear error warranting rejection or modification of the Magistrate Judge's recommendation.

## D. Conclusion

For these reasons, the Court **ADOPTS** the Report and Recommendation (DE 15), as supplemented by this Order, and **AFFIRMS** the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk is directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and close this case.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 26, 2026